**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23671-ALTMAN/Hernandez**

**GLITCHY CO.**,

*Plaintiff*,

*v.*

**TAPRAIN LLC**, *et al.*,

*Defendants*.
_______________________________________/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 3, 2026, the Plaintiff filed a Motion to Compel Arbitration (the "Motion") [ECF No. 37]. On November 5, 2026, Magistrate Judge Yeney Hernandez issued a report and recommendation, in which she suggested that we grant the Motion. *See* Report and Recommendation ("R&R") [ECF No. 62] at 1. Magistrate Judge Hernandez also issued the following warning:

> Under Magistrate Rule 4(b), the parties have 14 days from the date of this report and recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.

*Id.* at 19–20 (citations omitted). More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The R&R [ECF No. 62] is **ACCEPTED and ADOPTED** in full.
2. The Defendant's Motion to Compel Arbitration [ECF No. 37] is **GRANTED**.
3. The Defendant's Motion to Dismiss [ECF No. 37] is **DENIED as moot.**
4. We **DIRECT** the **Clerk of Court** to **CLOSE** and **STAY** this case.
5. The parties must file on the docket a **status update** every **90 days**.

**DONE AND ORDERED** in the Southern District of Florida on November 21, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record